## Commonwealth ex rel. Curry, Appellant, *v.* Myers.

Submitted March 23, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*David N. Curry,* appellant, in propria persona.

*Anthony J. Smith* and *Arlen Specter*, Assistant District Attorneys, *Paul M. Chalfin*, First Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for appellee.

OPINION BY WRIGHT, J., June 15, 1961:

David N. Curry has appealed from an order of Court of Common Pleas No. 5 of Philadelphia County, entered November 4, 1960, dismissing his petition for a writ of habeas corpus. We have reviewed the original trial record, which may relevantly be considered and may not be collaterally impeached. See *Commonwealth ex rel. Chaney v. Cavell*, 185 Pa. Superior Ct. 82, 138 A. 2d 180. The pertinent facts are as follows:

Appellant and his wife had been separated for some time, the wife living at the home of her parents. It was appellant's custom to visit his wife at intervals in order to see their child. On one of these occasions he took a revolver belonging to his father-in-law. At 7:30 A.M. on December 20, 1957, armed with this revolver, appellant went to the father-in-law's house. He gained entrance through a cellar window, and ascended to the third floor where he found his wife asleep in bed. He fired one shot into her head. Appellant remained in the house for approximately thirty minutes and then "decided to leave and let someone come and find her". After stopping at a bar for a drink, he went to his brother's residence, where he was eventually apprehended by police officers at eight o'clock that evening. Meanwhile, the wife lay in a pool of blood until her father came home from work at 2:30 P.M. She was removed to a hospital where she remained in a coma until sometime in February, 1958. She was not released from the hospital until June, 1958. At the time of the trial, October 20, 1958, she was still badly crippled, and her speech was impaired.

Following his arrest, appellant was taken to City Hall where he was questioned and made a statement admitting his guilt. He was then taken to a police station and detained for a hearing the next morning. At March Sessions, 1958, the grand jury returned three indictments as follows: Bill No. 75 charged assault and battery, aggravated assault and battery, and assault and battery with intent to murder; Bill No. 76 charged commission of a crime of violence while armed with a firearm; Bill No. 78 charged carrying a concealed deadly weapon and unlawfully carrying a firearm without a license. Appellant was represented by counsel. Jury trial was waived. A demurrer was sustained as to Bill No. 78. The trial judge found appellant guilty on Bills Nos. 75 and 76. No post-conviction motions were filed. On Bill No. 75 appellant was sentenced to serve a term of three to six years. On Bill No. 76 he was sentenced to serve a consecutive term of one to three years.

In his brief appellant advances many of the usual trite contentions. He variously avers that he was arrested and held "without witness to the fact that he committed a crime"; that he was not allowed to see or communicate with an attorney at the time of his arrest; that there was no proper preliminary hearing; that it was unlawful to take him to police headquarters for questioning; that his confession was coerced; that he was convicted on perjured testimony, and that the evidence was insufficient to sustain his conviction. We find no merit whatever in any of these contentions.

In *Commonwealth ex rel. Lockhart v. Myers*, 193 Pa. Superior Ct. 531, 165 A. 2d 400, we discussed the subject of habeas corpus at considerable length. In brief, relief from alleged trial errors may not be obtained by habeas corpus, as the writ is not a substitute for a new trial or an appeal. Defects and irregularities in the information, warrant and proceedings before

the magistrate are cured by pleading to the indictment and going to trial. Cf. *Commonwealth ex rel. Dandy v. Banmiller,* 397 Pa. 312, 155 A. 2d 197. The fact that appellant was in custody without counsel did not invalidate his confession: *Commonwealth v. Agoston,* 364 Pa. 464, 72 A. 2d 575. An attack upon the evidence adduced at the trial may not be a subject of habeas corpus, either on the ground that it was perjured: *Commonwealth ex rel. Whalen v. Banmiller,* 193 Pa. Superior Ct. 554, 165 A. 2d 421, or generally insufficient: *Commonwealth ex rel. Butler v. Banmiller,* 190 Pa. Superior Ct. 474, 154 A. 2d 330.

The record of the trial discloses that the proof of appellant's guilt was overwhelming. His wife, father-in-law, and one of the investigating police officers testified against him. In addition, the statement given shortly after his arrest was received in evidence. Appellant did not contend that he was in any way mistreated or imposed upon by the police officers, nor did he challenge the voluntary character of his confession. In that document, appellant described his relations with his wife and her family, and vividly detailed the events preceding, during and following the shooting. As the sole defense witness, he admitted the truth of much of the confession, denying only the events surrounding the actual offense. He asserted that he had been drinking, that he suffered from blackout spells, passed out, and "would be unconscious and, naturally, I did not know what I was doing if I would be unconscious". These feeble repudiations did not impress the trial judge, and they certainly furnish no basis for relief by habeas corpus. The writ may not be used to reexamine the question of the voluntariness of a confession when that issue has been passed upon at the trial, and the record shows that there was no fundamental unfairness amounting to a denial of due process: *Commonwealth ex rel. Norman v. Banmiller,* 395 Pa. 232, 149 A. 2d 881.

We would conclude at this point except for an important question, not advanced by appellant, which has been raised by Judge WATERS in his opinion written pursuant to our Rule 43. It concerns Bill No. 76, charging that appellant "unlawfully and feloniously did then and there commit a certain crime of violence, to wit, the crime of aggravated assault and battery with intent to kill, when and while armed with a firearm, to wit, a revolver". This charge is based upon paragraph (b) of Section 628 of The Penal Code[1] which paragraph reads as follows: "If any person shall commit or attempt to commit a crime of violence when armed with a firearm contrary to the provisions of this section, he may, in addition to the punishment provided for the crime, be punished also as provided by this section". It is the position of Judge WATERS that this paragraph does not define a separate crime, and that appellant will therefore be required to serve a sentence which is in fact illegal. As stated in the opinion below: "In our opinion this subsection simply means that the crime of unlawfully carrying a concealed firearm without a license, that is, a violation of the Uniform Firearms Act, does not merge with a crime of violence referred to. The act did not create such a crime as 'commission of a crime of violence while armed with a firearm'. In our opinion there is no such crime". Our study of this question leads us to the same conclusion.

The Commonwealth has devoted the major portion of its commendable brief to this issue. It is of course undisputed that a penal statute must be strictly construed. See *Commonwealth v. Glover*, 397 Pa. 543, 156 A. 2d 114. Conceding that "before an individual may be convicted of commission of a crime of violence while armed with a firearm, there must be proof that he vio-

---

[1] Act of June 24, 1939, P. L. 872, 18 P.S. 4628,

lated some other provision of the Uniform Firearms Act", the Commonwealth attempts to demonstrate that appellant actually violated both paragraph (d) and paragraph (e) of the section.[2] This argument begs the question here under consideration since it assumes that paragraph (b) does create a separate offense. It should be noted in this connection that, although appellant testified in direct examination as to his prior criminal record, he was not indicted under paragraph (d) and, as previously indicated, a demurrer was sustained as to the indictment under paragraph (e) and there was no appeal. We agree with the court below that paragraph (b) of Section 628 was intended to prevent the lesser crimes created by subsequent paragraphs from merging into the more serious "crimes of violence" as defined in paragraph (a). Paragraph (b) merely authorizes punishment, in addition to that provided for the crime of violence itself, "also as provided by this section". The language is permissive in nature as contrasted with the mandatory and prohibitory language in paragraphs (d) and (e) and other paragraphs thereafter. In brief, paragraph (b) contains no indication of a legislative purpose to define a criminal act.

Our attention has been called to only one appellate case wherein "a crime of violence while armed with a firearm" was separately charged. See *Commonwealth v. Tracey*, 130 Pa. Superior Ct. 15, 196 A. 549. However, the question of the independent existence of such

---

[2] "(d) No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a firearm, or have one in his possession or under his control.

"(e) No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided".

a crime was not therein raised or considered.[3] It is of course proper to sentence, not only for a crime of violence as defined in paragraph (a), but also for a separate offense created by one of the later paragraphs of Section 628. Cf. *Commonwealth ex rel. Monaghan v. Burke,* 169 Pa. Superior Ct. 256, 82 A. 2d 337. It is our view, however, that additional and further punishment is not warranted by charging an offense under paragraph (b), which was not intended to create a separate crime.

The order of the court below is affirmed as to Bill No. 75 March Sessions, 1958. The sentence imposed on Bill No. 76 March Sessions, 1958 is vacated.

---

DISSENTING OPINION BY ERVIN, J. :

In this case the grand jury returned three indictments as follows: Bill No. 75 charged assault and battery, aggravated assault and battery, and assault and battery with intent to murder; Bill No. 76 charged commission of a crime of violence while armed with a firearm; Bill No. 78 charged carrying a concealed deadly weapon and unlawfully carrying a firearm without a license. Appellant was represented by counsel. Jury trial was waived. A demurrer was sustained as to Bill No. 78. The trial judge found appellant guilty on Bills Nos. 75 and 76. No post-conviction motions were filed. On Bill No. 75 appellant was sentenced to serve a term of three to six years. On Bill No. 76 he was sentenced to serve a consecutive term of one to three years.

Bill No. 76 is based upon paragraph (b) of §628 of The Penal Code, Act of June 24, 1939, P. L. 872, 18 PS §4628, which paragraph reads as follows: "If any per-

---

[3] Judge WATERS also mentions *Commonwealth v. Chrostowski,* 112 Pa. Superior Ct. 466, 171 A. 901. The opinion in that case simply refers to "violation of the Uniform Firearms Act",

son shall commit or attempt to commit a crime of violence when armed with a firearm contrary to the provisions of this section, he may, in addition to the punishment provided for the crime, be punished also as provided by this section."

Judge WATERS was of the opinion that this paragraph did not create a separate offense. He also felt that since the trial judge sustained a demurrer to Bill No. 78, charging carrying a concealed deadly weapon and unlawfully carrying a firearm without a license, that the charge in Bill No. 76: "That, on or about December 20, 1957, in Philadelphia County, David Curry unlawfully and feloniously did then and there commit a certain crime of violence, to wit, the crime of aggravated assault and battery with intent to kill, when and while armed with a firearm, to wit, a revolver; Contrary to the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania.", could not be sustained and that the sentence on this charge should be vacated. I cannot agree with this conclusion. It seems to me that the language used by the legislature in paragraph (b) of the Uniform Firearms Act is clear and it therefore became our duty to give effect to it rather than to create technicalities to defeat it. The Uniform Firearms Act, 18 PS §4628, provides as follows: "(b) If any person shall commit or attempt to commit a crime of violence when armed with a firearm contrary to the provisions of this section, he may, in addition to the punishment provided for the crime, be punished also as provided by this section.

"(c) . . . .

"(d) No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a firearm, or have one in his possession or under his control.

"(e)    No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided."

The indictment did not have to specify the section of the Uniform Firearms Act which was violated.   The charge in the indictment that the "crime of violence" was committed while the defendant "was armed with a firearm, to wit, a revolver; contrary to the form of the Act of the General Assembly in such case made and provided" was sufficient to comply with the provisions of paragraph (b) of the act.   The indictment was sufficiently specific to apprise the defendant of the charge and, although represented by Garfield W. Levy, Esquire, an able and experienced attorney, no objection was made either before the trial, at the trial, or at any time thereafter as to this point.

We do not know why the trial judge sustained the demurrer to Bill No. 78 but we do know that the evidence was entirely sufficient to sustain that charge. We surmise that the trial judge was endeavoring to avoid duplication since he actually did sentence under Bill No. 76.   All of the conditions precedent had occurred to justify the additional sentence under Bill No. 76.   The proofs clearly indicated (1) that the defendant had committed a crime of violence, to wit, assault and battery with intent to kill or aggravated assault and battery and (2) that at that time he was armed with a firearm contrary to the provisions of the Uniform Firearms Act in that (a) the weapon had been concealed and (b) that he had been convicted theretofore of a crime of violence and had in his possession a firearm.

The appellant is extremely fortunate not to have been charged with the crime of murder.   He fired one shot into his wife's head while she was asleep in bed. He left her without calling for help. After being found

by her father, about six hours later, she was taken to a hospital where she remained for approximately six months. At the time of the trial she was still badly crippled and her speech was impaired. Under the circumstances the appellant received a light sentence and I can see no reason to make it lighter.

I would affirm the order of the court below as to both bills.

WOODSIDE, J., joins in this dissenting opinion.