402 A.2d 542

**COMMONWEALTH of Pennsylvania**

v.

**Edward TURNER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1976.

Decided April 27, 1979.

to the Commonwealth's proof. I see little reason for us to be less reluctant.

Roy Davis, Assistant Public Defender, Media, for appellant.

Ralph B. D'Iorio, Assistant District Attorney, Media, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, President Judge:

Appellant, Edward Turner, was convicted by a jury on numerous criminal offenses.[1] Appellant and his attorney informed the court that they waived post-trial motions, and sentencing took place the next day. Appellant's sentence is as follows: Robbery (Crimes Code § 3701), four-to-twelve years imprisonment plus costs; Theft by unlawful taking (Crimes Code § 3921), two-to-five years imprisonment plus costs; Theft by receiving stolen property (Crimes Code § 3925), suspended; Aggravated assault (Crimes Code § 2702), two-to-five years imprisonment plus costs; Simple assault (Crimes Code § 2701), suspended; Recklessly endangering another person (Crimes Code § 2705), one-to-two years imprisonment plus costs; Possessing instruments of crime (Crimes Code § 907), one-to-two years imprisonment plus costs; Crimes committed with firearms (Crimes Code § 6103), one-to-two years imprisonment plus costs; and Possession of Firearms without a license (Crimes Code § 6106, one-to-two years imprisonment plus costs. The sentences were ordered to run concurrently. Appellant appealed to this court, after which his counsel presented his

1. All of the offenses are governed by the Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S. § 101 et seq. (1973). [Hereinafter Crimes Code.]

first petition to withdraw from the case. We denied the request and remanded for a brief to be filed in compliance with the *Anders-Baker* requirements set forth in *Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513 (1974). Counsel subsequently attempted to comply with those requirements, but we denied counsel's request to withdraw because the issues presented were not wholly frivolous. *Commonwealth v. Turner,* 248 Pa.Super. 306, 375 A.2d 110 (1977). Counsel filed an appropriate advocate's brief which is the subject of our present action.

The two issues raised for our review are: first, whether the right to challenge the lawfulness of the sentences has been waived by the failure to challenge them in the lower court; and second, if the issue has not been waived, are the sentences lawful. We hold appellant has not waived the issue and we find part of the sentence entered by the lower court unlawful. Appellant in this case was sentenced on September 30, 1975. Subsequent to that date, the case of *Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976) held that where the challenge to separate but concurrent sentences on the crimes of rape and statutory rape was raised for the first time on appeal, the issue was not waived. In *Walker* the sentences in question were based on two convictions which grew out of a single act of intercourse. The court held that *Walker* could not be sentenced for both crimes since only one crime was committed against the Commonwealth.

We hold that *Walker* applies to the instant case and allows appellant to raise the issue of the lawfulness of the sentences imposed. The case of *Commonwealth v. McCabe,* 242 Pa.Super. 413, 364 A.2d 338 (1976), affirmed, 479 Pa. 273, 388 A.2d 323 (1978), is clearly distinguishable from the one before us. In *McCabe,* our court held that appellant had waived his right to question the legality of his sentence since he failed to raise the objection on direct appeal. In *Commonwealth v. Walker,* supra, the Supreme Court specifically allowed appellant to challenge the legality of sentence when the issue was raised on direct appeal. Appellant in this case

raises the sentencing question on appeal to our court, therefore, under *Walker,* the issue has not been waived.

■ In reaching the merits of the case we find the general rule is, when one crime necessarily involves another, the offenses merge for sentencing purposes and only one punishment may be imposed. *Commonwealth v. Nelson,* 452 Pa. 275, 305 A.2d 369 (1973). Appellant was sentenced on the crimes of theft by unlawful taking and robbery. By definition, robbery is committed "in the course of committing a theft . . ." Crimes Code § 3701. Therefore, robbery necessarily involves theft and the offenses merge for sentencing purposes. *Commonwealth v. Stevens,* 237 Pa.Super. 457, 352 A.2d 509 (1975). Appellant's sentences on both crimes resulted in a double punishment and is unlawful. Accordingly, we vacate the judgment of sentence for theft by unlawful taking.

■ Appellant also argues that the sentences imposed on the firearms violations were unlawful. Appellant was convicted and sentenced on crimes committed with firearms, Crimes Code § 6103, and possession of firearms without a license. Crimes Code § 6106. Section 6103 of the Crimes Code provides:

"If any person shall commit or attempt to commit a crime of violence when armed with a firearm contrary to the provision of this subchapter, he may, in addition to the punishment provided for the crime, be punished also ·as provided by this subchapter."

Appellant argues that this section was not intended to create a separately punishable crime, but merely defines that a firearm violation will not merge with a crime of violence. We agree with this argument and rely on *Commonwealth ex rel. Curry v. Myers,* 195 Pa.Super. 480, 171 A.2d 792 (1961) for support. Although that case discusses paragraph (b) of Section 628 of the prior Penal Code, it is that section from which § 6103 of the Crimes Code is taken, and to which the reasoning in *Myers* applies. Appellant in the instant case was unlawfully convicted and sentenced on

the "crime" of crimes committed with firearms. Therefore we vacate the judgment of sentence on that "crime."

Judgments of sentence on the theft by unlawful taking and crimes committed with firearms are vacated. Judgments of sentence on all other crimes affirmed.

PRICE, J., notes his dissent.

JACOBS and WATKINS, former President Judges, and HOFFMAN, J., did not participate in the consideration or decision of this case.