453 A.2d 331

COMMONWEALTH of Pennsylvania

v.

Michael McDUFFIE, Appellant.

Supreme Court of Pennsylvania.

Dec. 23, 1982.

Dorothy R. Waters, Asst. Public Defender, Newton Square, for appellant.

David E. Fritchey, Deputy Dist. Atty., for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## ORDER

PER CURIAM.

The Judgments of Sentence are affirmed under Criminal Information Nos. 6887–A–78 (murder of the second degree—E. Lang) and 6887–D(2)–78 (attempted robbery—O. Lang). The Judgment of Sentence imposed under Criminal Information No. 6887–D(1)–78 (attempted robbery—E. Lang) is vacated. *Commonwealth v. Tarver,* 493 Pa. 320, 426 A.2d 569 (1981). Judgment of Sentence imposed under Criminal Information No. 6887–J–78 (crimes committed with a firearm) is vacated. *Commonwealth v. Turner,* 265 Pa.Super. 486, 402 A.2d 542 (1979), *citing Commonwealth ex rel. Curry v. Myers,* 195 Pa.Super. 480, 171 A.2d 792 (1961). The sentence imposed under Criminal Information No. 6887–K–78 (conspiracy) is vacated. 18 Pa.C.S.A. § 906.*

LARSEN and McDERMOTT, JJ., filed dissenting opinions.

LARSEN, Justice, dissenting.

I dissent from the majority's order of this Court vacating appellant's sentence for attempted robbery. In support thereof I cite my dissenting opinion in *Commonwealth v. Tarver,* 493 Pa. 320, 426 A.2d 569 (1981).

---

* Subsequent to the original sentences imposed in this case, pursuant to a Writ of Habeas Corpus filed with the court below February 19, 1980, an order was entered by that court vacating the judgment entered under Criminal Information No. 6887–E (robbery—two counts) finding that the said information merged with Criminal Information No. 6887–D and suspending the sentence originally entered under Criminal Information No. 6887–I (prohibited offensive weapons).

McDERMOTT, Justice, dissenting.

I dissent from the order of the Court insofar as it vacates appellant's sentence for the attempted robbery of Ernest Lang on the authority of *Commonwealth v. Tarver,* 493 Pa. 320, 426 A.2d 569 (1981). Appellant committed two separate and distinct offenses: attempted robbery and murder of the second degree. I would overrule *Tarver* and hold that the lower court did not abuse its broad discretion in sentencing appellant for both crimes. *See Commonwealth v. Tarver,* 493 Pa. at 331, 426 A.2d at 575 (dissenting opinion of Mr. Justice Larsen).