456 A.2d 1320

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joseph E. BOSTIC, Jr., Appellant.**

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Alton BRADBY, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 25, 1983.

Decided March 16, 1983.

346

Robert O. Baldi, Asst. Public Defender, Michael A. Klimpl, Asst. Public Defender (court-appointed), for appellants.

Stephen B. Harris, Asst. Dist. Atty., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

LARSEN, Justice.

This appeal raises a single, legal issue, namely, whether the sentencing of appellants to consecutive prison terms upon their convictions for aggravated robbery and for committing a crime of violence while in possession of a firearm violates their rights under the double jeopardy clauses of the federal and state constitutions to be protected against multiple punishments for one offense. We find that appellants' consecutive sentences do not violate double jeopardy principles.

On October 14, 1972, appellants, Alton Bradby and Joseph Bostic, held up a food market in Bucks County. Armed with hand guns and accompanied by a third man, appellants robbed the store and several customers of cash and struck some of the customers with their gun butts. On November 21, 1973, appellants were both found guilty by a jury in the Court of Common Pleas of Bucks County of aggravated robbery, burglary, larceny, conspiracy and commission of a crime of violence with a firearm.

The men were sentenced on February 19, 1974 by the Honorable John Justus Bodley. Judge Bodley sentenced each appellant to a term of imprisonment of five to ten years on the aggravated robbery conviction and to a consecutive term of five to ten years on the conviction for the commission of a crime of violence while in the possession of a firearm. Both men took direct appeals to the Superior Court which affirmed their convictions and judgments of sentence. This Court denied appellants' petitions for allowance of appeal.

Subsequently, each appellant filed Post-Conviction Hearing Act (PCHA) petitions alleging, inter alia, that the consecutive sentences were in violation of the double jeopardy clauses of the Constitutions of the United States, U.S. Const.Amend. V, and of Pennsylvania, Pa. Const. Art. I, § 10. The Court of Common Pleas of Bucks County denied the PCHA petitions of appellants Bradby and Bostic on

348

January 25, 1980 and July 25, 1980, respectively. The Superior Court affirmed both denials. This Court granted allocatur in each case to resolve the double jeopardy issue.[1]

Appellants were each convicted of what was commonly referred to as "aggravated robbery" under then-in-effect section 705 of the Act of June 24, 1939, P.L. 872, 18 P.S. § 4705 (*see* 18 Pa.C.S. Appendix). That section provided:

**Robbery with accomplice or while armed or by violence**

Whoever, being armed with an offensive weapon or instrument, robs or assaults with intent to rob another; or, together with one or more person or persons, robs or assaults with intent to rob; or robs any person, and at the same time, or immediately before or immediately after such robbery, beats, strikes, or ill-uses any person, or does violence to such person, is guilty of felony, and upon conviction, shall be sentenced to pay a fine not exceeding ten thousand dollars ($10,000), or undergo imprisonment, by separate or solitary confinement at labor, not exceeding twenty (20) years, or both.

While the evidence at trial certainly supported the convictions on all counts of "aggravated robbery",[2] the sentencing court chose to sentence appellants only on the third counts of their indictments for "armed robbery", and suspend sentence on the remaining counts. The sentence of five to ten

1. The PCHA court held that appellant Bradby had waived the double jeopardy issue by failing to allege in his PCHA petition either ineffective assistance of counsel or some other circumstance that might be considered "extraordinary circumstances", so as to justify his failure to raise the issue at sentencing or on direct appeal. 19 P.S. § 1180–4. However, since appellant Bostic has properly raised the issue in his PCHA petition and hearing, we will not review the "waiver" disposition in Bradby's case but will instead, given the disposition of the double jeopardy claim, treat the issue in that case as having been preserved for purposes of discussion.

2. Appellant Bradby was convicted of "aggravated robbery" generally which included "armed robbery" (count three of indictment No. 390–1 of 1973), "robbery with an accomplice" (count 7 of 390–1), and "robbery by violence" (count 8 of 390–1). Appellant Bostic was similarly convicted of all three "types" of "aggravated robbery" as charged in the third ("armed robbery"), seventh ("robbery with an accomplice") and eighth ("robbery by violence") counts of indictment No. 385–1 of 1973.

years was substantially less than the maximum allowable sentence of 20 years.

The consecutive sentences of five to ten years on the convictions for the commission of a crime of violence with a firearm were imposed pursuant to section 416 of the Act of June 24, 1939, P.L. 872, 18 P.S. § 4416, *as amended* (*see* 18 Pa.C.S. Appendix), which provided:

(b) Whoever is convicted of committing a crime of violence, which for the purposes of this section means murder, rape, robbery, burglary, entering a building with intent to commit a crime therein, kidnapping or participation in riot and during the commission thereof had in his possession a firearm shall, *in addition to the penalties prescribed by law,* be sentenced to undergo imprisonment for not less than five (5) years and not more than ten (10) years. (emphasis added)

Appellants now claim that their consecutive sentences violate double jeopardy principles in this case as they were subjected to multiple punishments for the same offense. *See North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) (Fifth Amendment guarantee against double jeopardy protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense) and *Commonwealth v. Houtz,* 496 Pa. 345, 437 A.2d 385 (1981) (Larsen and Kauffman, JJ., concurring in the result) (among protections embodied by double jeopardy proscriptions of Constitutions of the United States and this Commonwealth is prohibition against multiple punishments for same offense at one trial).

Appellants argue that the offense of commission of a crime of violence (here, robbery) with a firearm is the "same offense" for double jeopardy purposes as the crime of aggravated robbery with an offensive weapon (here a handgun, or firearm) under the "same offense" test enunciated by the United States Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) and

followed by this Court, *Commonwealth v. Houtz, supra.* That test states:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.

284 U.S. at 304, 52 S.Ct. at 182.

 Appellants' argument misperceives the nature of the federal and state constitutional proscriptions against double jeopardy caused by multiple punishments. The double jeopardy clause serves principally as a restraint on courts and prosecutors—it does *not* restrain the legislature in its role in defining crimes and fixing penalties. *Commonwealth v. Tarver,* 493 Pa. 320, 325, 426 A.2d 569 (1981), citing *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1975).[3] The intent of the double jeopardy provisions is to prevent courts from imposing, and prosecutors from seeking, more than one punishment under a particular legislative enactment, and, where consecutive sentences are imposed at a single trial, to prevent the court from exceeding its legislative authorization by imposing multiple punishments for the same offense. *Id.*[4]

3. In *Tarver,* the lower court had imposed a sentence upon the appellant for his conviction of aggravated robbery. Appellant had *previously* been sentenced to a life sentence upon a murder conviction stemming from the same criminal episode. A majority of this Court held that the aggravated robbery was a "constituent offense" of the murder under *Blockburger,* and that the punishment imposed on the aggravated robbery conviction after punishment on the murder conviction had been imposed violated double jeopardy principles. This author dissented, joined by Mr. Justice Kauffman, on the basis that aggravated assault and murder are distinct and discrete crimes.

4. At least in the "multiple punishments" context, it seems clear that the double jeopardy proscription embodied by the Fifth Amendment of the United States Constitution is coextensive with that embodied by Article I, section 10 of the Pennsylvania Constitution. *See, e.g., Commonwealth v. Brown,* 455 Pa. 274, 314 A.2d 506 (1974); *Commonwealth v. Houtz, supra; Commonwealth v. Henderson,* 482 Pa. 359, 370–71, 393 A.2d 1146 (1979) (Opinion announcing the result of the Court per Nix, J., joined by Larsen, J., stating "In this area [*i.e.,* multiple punishments] there has been absolutely no suggestion that

In the recently decided case of *Missouri v. Hunter,* —— U.S. ——, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) the United States Supreme Court made it quite clear that the *Blockburger* test is merely a tool of statutory construction whereby the courts can determine whether, in the absence of legislative expression to the contrary, the legislature intended to prescribe multiple punishments under two separate statutory provisions for what might arguably be considered the "same offense". In *Hunter,* three men robbed a food market at gun point in Kansas City, Missouri. Respondent, Danny Hunter, also struck the manager with the butt of his revolver. Hunter was convicted of robbery in the first degree, Mo.Ann.Stat.App. § 560.120 (Vernon 1979), and punishment was imposed in accordance with Missouri's enhanced penalty provision of Mo.Ann.Stat.App. § 560.135 (Vernon 1979), which provides in relevant portion: "Every person convicted of robbery in the first degree by means of a dangerous and deadly weapon ... shall be punished by imprisonment ... for not less than five years ...." Missouri law, Mo.Stat.App. § 559.225 (Vernon 1979), also proscribes "armed criminal action" as follows:

[A]ny person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous or deadly weapon is also guilty of the crime of armed criminal action and, upon conviction, shall be punished by imprisonment by the division of corrections for a term of not less than three years. *The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon.* No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years. (emphasis added)

the Pennsylvania Constitution provides a more comprehensive protection than that afforded by the federal constitution.")

The Missouri Supreme Court had concluded that, as appellants herein argue, under the test announced in *Blockburger,* armed criminal action and any underlying offense are the "same offense" under the Fifth Amendment's double jeopardy clause. In rejecting this conclusion by a seven to two margin (majority opinion by Chief Justice Burger), the United States Supreme Court stated:

it is clear that the Missouri Supreme Court has misperceived the nature of the Double Jeopardy Clause's protection against multiple punishments. With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.

. . . .

In *Whalen* [*v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) ] we also noted that *Blockburger* established a rule of statutory construction in these terms:

"The assumption underlying the rule is that Congress *ordinarily* does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments *in the absence of a clear indication of contrary legislative intent.*" 445 U.S., at 691–692, 100 S.Ct. at 1437–38. (emphasis added).

We went on to emphasize the qualification on that rule:

"[W]here the offenses are the same . . . cumulative sentences are not permitted, *unless elsewhere specially authorized by Congress.*" *Id.,* at 693, 100 S.Ct. at 1438. (emphasis added).

. . . .

Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and the trial

court or jury may impose cumulative punishment under such statutes in a single trial.

103 S.Ct. 678–79.

■ From the foregoing, it is clear that appellants' double jeopardy objections to their consecutive sentences must fail. There is no ambiguity in § 416(b), former 18 P.S. § 4416(b). The General Assembly explicitly expressed its intention that anyone committing a crime of violence—including "robbery" —while in the possession of a firearm would be subject to an *additional* mandatory term of imprisonment of five to ten years. Unlike the scheme of the current Crimes Code where there is only one statutory crime of robbery, 18 Pa.C.S. § 3701, the Penal Code at the time of appellants' crimes defined various types of robbery in four separate sections: "robbery and robbery by assault and force", 18 P.S. § 4704; "robbery with accomplice or while armed or by violence", 18 P.S. § 4705; "robbery of bank vaults", 18 P.S. § 4706; and "train robbery", 18 P.S. § 4707. The legislature was obviously aware of these several variations of robbery from the 1939 Penal Code when it enacted § 416(b), 18 P.S. § 4416(b) in 1968, Act of July 30, P.L. 689, No. 227 § 1, as amended in 1972. Clearly, by including "robbery" generally as a crime of violence in 18 P.S. § 4416(b), the General Assembly meant to include all variations as it chose the one word description common to each statutory provision.

The legislature certainly has the authority to impose a 20 year maximum sentence for the serious crime of "aggravated robbery", specifically, here, for robbery while armed with an offensive weapon or instrument. 18 P.S. § 4705 (18 Pa.C.S. Appendix). The lower court's sentence of five to ten years for "armed robbery" was well within the legislative parameters of punishment. The legislature is also acting completely within permissible constitutional bounds in deciding that the use of a *firearm* in that crime of violence (as well as other specifically enumerated crimes of violence), poses an additional, serious threat to society, and warrants the imposition of an additional penalty. Again, the sentencing court did no more than impose the punishment authoriz-

ed—indeed, mandated—by the legislature in sentencing appellants to additional consecutive terms of imprisonment of five to ten years.[5]

For the foregoing reasons, the orders of the Superior Court at No. 1192 Philadelphia Term, 1980 (in the case of Alton Bradby) and at No. 2297 October Term, 1978 (in the case of Joseph E. Bostic, Jr.) are affirmed.[6]

ROBERTS, C.J., files a concurring opinion in which NIX, J., joins.

HUTCHINSON, J., concurs in the result.

ROBERTS, Chief Justice, concurring.

Although I agree that on the present record appellants are not entitled to relief from the term of imprisonment imposed, I must write separately to point out that, contrary to the assumption of the majority, appellants should not have been convicted of two separate offenses. Section 4416(b) of the Penal Code provides only that a sentence imposed for the crime of aggravated robbery may be enhanced where the actor has employed a firearm. See *Commonwealth v. Simpson,* 302 Pa.Super. 287, 448 A.2d 640 (1982); *Commonwealth v. Turner,* 265 Pa.Super. 486, 402 A.2d 542 (1979);

5. Appellants also argue that our common law rule of merger in the "lesser included offense" context, *see Commonwealth ex rel Shaddock v. Ashe,* 340 Pa. 286, 17 A.2d 190 (1941) requires reversal of their judgments of sentence for the convictions for a crime of violence with firearms. This common law rule, whatever its current validity may be in the "lesser included offense" area, has no application in the instant situation where the legislature has explicitly manifested its desire to impose an additional sentence on a parallel crime.

6. Our cases of *Commonwealth v. Tarver,* 493 Pa. 320, 426 A.2d 569 (1981) (aggravated assault and murder) and *Commonwealth v. Houtz,* 496 Pa. 345, 437 A.2d 385 (1981) (vehicular homicide and involuntary manslaughter) do not require a different result. In those cases, the legislature had not manifested an intention that the separate crimes involved therein would be punished cumulatively and, so, a majority of this Court applied *Blockburger* to conclude that only the sentences on the crimes receiving a greater punishment could stand.

*Commonwealth ex rel. Curry v. Myers,* 195 Pa.Super. 480, 171 A.2d 792 (1961).

Accordingly, the judgments of sentence imposed for aggravated robbery should be modified to reflect the enhanced term of imprisonment intended by the court's imposition of consecutive sentences and the judgments of sentence imposed for the "commission of a crime of violence with a firearm" should be vacated.

NIX, J., joins in this concurring opinion.