467 A.2d 850

**COMMONWEALTH of Pennsylvania**

v.

**Melvin A. SHANNON, Appellant.**

Superior Court of Pennsylvania.

Argued April 28, 1983.

Filed Oct. 28, 1983.

554

James L. Jubelirer, State College, for appellant.

Karen L. Steele, Assistant District Attorney, Hollidaysburg, for Commonwealth, appellee.

Before ROWLEY, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends the lower court erred in denying his suppression motion and when charging the jury that he was lawfully arrested as an element of aggravated assault. These contentions lack merit. Accordingly, we affirm.

On November 22, 1978, in response to a radio report of a fight in progress, a police officer drove into appellant's driveway. Through the kitchen window, the officer heard and saw two men fighting. When he entered the open back door, both men grabbed him. Appellant, who had been lying on a couch in the next room, charged the group and pushed all three to the floor. After another officer arrived, appellant announced he was going to get his gun. The officers went outside, and appellant emerged pointing his shotgun at one officer then the other. Appellant fired the shotgun at one of the officers. The police returned fire, wounding appellant. After denial of his suppression motion, appellant was found guilty by a jury of aggravated assault and related offenses, and sentenced to a total of five to ten years imprisonment followed by two years probation. This appeal followed.

■■■ Appellant contends the lower court erred in denying his suppression motion. Specifically, he argues that the radio report of a fight in progress did not justify the officer's entering appellant's driveway, and that all subsequent evidence was fruit of that illegal entry. This contention lacks merit. Although a person's reasonable expectation of privacy may include the curtilage of his home, the police may approach that area to investigate a report of ongoing crime. *Commonwealth v. Daniels,* 280 Pa.Superior Ct. 278, 421 A.2d 721 (1980). When police obtain a view of a dwelling's interior, a trespass to the surrounding property is only one factor in determining the reasonableness of the search. *Commonwealth v. Soychuk,* 221 Pa. Superior Ct. 458, 289 A.2d 119 (1972). For instance, the occupants' failure to close window shades largely negates their expectation of privacy. *Commonwealth v. Johnson,* 247 Pa.Superior Ct. 208, 372 A.2d 11 (1977) (police stood on patio). Here, the officers' entry into the driveway was a justifiable response to the report of an ongoing altercation. Immediately upon arrival, they heard noise and saw the combatants through the open window, thus justifying their further actions. Consequently, the lower court properly denied appellant's suppression motion.

■■■ Appellant contends next that the lower court erred in instructing the jury that, when appellant fired the shotgun, the police were conducting a lawful arrest. This contention also lacks merit. "A person is guilty of aggravated assault if he ... attempts to cause ... bodily injury to a police officer making or attempting to make a lawful arrest." 18 Pa.C.S.A. § 2702(a)(3). *See Commonwealth v. Stortecky,* 238 Pa.Superior Ct. 117, 352 A.2d 491 (1976) (court may determine lawfulness of arrest) (HOFFMAN, J. dissented). Appellant argues that because the initial police entry into his driveway was allegedly illegal, their attempts to arrest him after he tackled one officer and pointed a shotgun at both, were also unlawful. We have already determined that the initial police entry was lawful. Moreover, appellant's subsequent violent conduct provided an independent basis

for a lawful arrest. We therefore affirm the lower court on these grounds.

■■■ Finally, although appellant has failed to challenge the legality of his sentence, we may, *sua sponte*, address this issue. *See Commonwealth v. Martin*, 316 Pa.Superior Ct. 190, 462 A.2d 859 (1983); *Commonwealth ex rel. Curry v. Myers*, 195 Pa.Superior Ct. 480, 171 A.2d 792 (1961). Appellant was sentenced to two-and-one-half-to-five years imprisonment and fined $250 for crimes committed with a firearm, an identical, consecutive sentence for the aggravated assault charge, and two years probation on the remaining charges to run consecutive to his imprisonment. 18 Pa.C.S.A. § 6103, Crimes committed with firearms, provides:

> If any person shall commit or attempt to commit a crime of violence when armed with a firearm contrary to the provisions of this subchapter, he may, in addition to the punishment provided for the crime, be punished also as provided by this subchapter.

In *Commonwealth v. Turner*, 265 Pa.Superior Ct. 486, 490, 402 A.2d 542, 544 (1979), our Court relied on *Commonwealth ex rel. Curry v. Myers, supra*, to hold that § 6103 "merely defines that a firearm violation will not merge with a crime of violence," and "was not intended to create a separately punishable crime." Accordingly, because appellant's two-and-one-half-to-five year sentence for crimes committed with a firearm cannot stand, we must remand to the lower court for resentencing.

Affirmed in part and Remanded in part for proceedings consistent with this opinion. Jurisdiction is not retained.

POPOVICH, J. filed a concurring statement.

POPOVICH, Judge, concurring:

The record in this case reveals no sentencing transcript or pre-sentence report which might explain the apparently harsh sentence received by appellant. On remand, the sentencing court should state, on the record, its reasons for

sentencing and should consider the pre-sentence investigation which was ordered on July 1, 1981, but was not made a part of the record. *See Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977).