IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elmer Davenport,                      :
            Petitioner         :
                               :
      v.                       :  No. 244 M.D. 2019
                               :  SUBMITTED:  June 25, 2021
Pennsylvania General Assembly and  :
PA. Board of Probation and Parole,  :
            Respondents      :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE CEISLER                        FILED:  September 22, 2021

Elmer Davenport (Petitioner), an inmate at the State Correctional Institution at Mahanoy, petitions this Court *pro se* for a declaratory judgment that Section 6137(a) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6137(a) (excepting from parole "an offender condemned to death or serving life imprisonment"), is unconstitutional as applied to him, and he is thus seeking parole

eligibility.[1] The Pennsylvania General Assembly[2] (General Assembly) and the Pennsylvania Board of Probation and Parole (Board)[3] (collectively, Respondents) filed preliminary objections, raising a number of defenses.[4] For the reasons that follow, we sustain Respondents' preliminary objections regarding this Court's jurisdiction and dismiss this matter.

## I. Background

On March 1, 1994, Petitioner was sentenced to life imprisonment for second-degree murder pursuant to Section 1102(b) of the Crimes Code, 18 Pa. C.S. § 1102(b) ("[A] person who has been convicted of murder of the second degree . . . shall be sentenced to a term of life imprisonment."). Pet. ¶ 8. Petitioner asserts that "[a]t no time was [he] sentence[d] to life imprisonment 'without parole.'" *Id.* ¶ 12. On September 14, 2014, Petitioner applied for parole with the Board pursuant to

---

[1] Petitioner asserts that his Amended Petition for Review (Petition) is "in the nature of Mandamus / Prohibition;" however, we read his claims and relief sought as requesting a declaratory judgment. Pet. ¶¶ 2-3; *see also* Commonwealth Court, Memorandum and Order, at 1 n.2, November 13, 2020 (granting Petitioner's Motion to Amend his original Petition for Review).

[2] The Petition named Senator Joe Scarnati, the former President Pro Tempore of the Senate, and Representative Mike Turzai, the former Speaker of the House of Representatives, as official representatives of the General Assembly. Pet. ¶ 6.

[3] Subsequent to the filing of the Petition for Review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 6101 and 6111(a) of the Prisons and Parole Code, 61 Pa. C.S. §§ 6101, 6111(a).

[4] When ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). However, this Court is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the Petition. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong Cnty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

Section 6139 of the Parole Code, 61 Pa. C.S. § 6139 (relating to procedures for considering parole). *Id.* ¶ 15. The Board denied Petitioner's application for parole on December 4, 2014, noting that Petitioner was serving a life sentence, and therefore, was not eligible for parole pursuant to Section 6137(a)(1) of the Parole Code.[5] *Id.* ¶ 16, Ex. B. Petitioner applied for parole again on March 4, 2019. *Id.* ¶ 17. However, Petitioner never received a response from the Board to his second application. *Id.* Petitioner then filed a Petition for Review with this Court in our original jurisdiction.

## II. Issues

In his Petition, Petitioner challenges Section 6137(a) of the Parole Code as an *ex post facto* law,[6] a bill of attainder,[7] and its application as a violation of double

---

[5] "The [B]oard may parole . . . and may release on parole any offender to whom the power to parole is granted to the [B]oard by this chapter, **except an offender condemned to death or serving life imprisonment**." 61 Pa. C.S. § 6137(a)(1) (emphasis added).

[6] The *ex post facto* clause prohibits the General Assembly from enacting a law with the retroactive effect of criminalizing a formerly noncriminal act or heightening the punishment of a prior criminal act. *Com. v. Rose*, 127 A.3d 794, 798 (Pa. 2015). The analysis is the same under both the United States and the Pennsylvania *ex post facto* clauses. *Id.* at 798 n.11; *compare* U.S. Const. art. I, § 10, cl. 1 ("No State shall . . . pass any . . . *ex post facto* Law.") *with* Pa. Const. art. I, § 17 ("No *ex post facto* law . . . shall be passed."). "In order for a criminal or penal law to be deemed an *ex post facto* law, 'two critical elements' must be met: 'it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.'" *Rose*, 127 A.3d at 799 (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)).

[7] "A bill of attainder is a legislative enactment which determines guilt and inflicts punishment upon an identifiable person or group without a judicial trial." *Silo v. Ridge*, 728 A.2d 394, 401 (Pa. Cmwlth. 1999). Both the United States and Pennsylvania Constitutions prohibit bills of attainder. U.S. Const. art. I, § 10, cl. 1 ("No State shall . . . pass any Bill of Attainder."); Pa. Const. art. I, § 18 ("No person shall be attainted of treason or felony by the Legislature.").

3

jeopardy.[8]  Pet. ¶¶ 32-34.  Respondents filed Preliminary Objections asserting that the allegations in the Petition failed to state any claim for which relief could be granted.  General Assembly's Prelim. Objs. at 5, 8; Board's Prelim. Objs. at 3-5.  The General Assembly specifically raised the defense of subject matter jurisdiction through speech and debate immunity[9] and asserted that Petitioner failed to exercise the statutory remedy as prescribed by the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9546.  General Assembly's Prelim. Objs. at 4, 6.

### III.  Discussion

This Court's subject matter jurisdiction over a petition for review is a threshold matter, which must be addressed before any other issues asserted by the parties.  *Funk v. Wolf*, 144 A.3d 228, 241 (Pa. Cmwlth. 2016). For this reason, we first address the General Assembly's preliminary objections regarding this Court's subject matter jurisdiction, specifically, whether Petitioner must bring his claims under the PCRA rather than as a petition for review in this Court's original jurisdiction.

---

[8] The double jeopardy clause prevents a second prosecution for the same offense after acquittal or conviction and protects against multiple punishments for the same offense.  *Com. v. Bostic*, 456 A.2d 1320, 1322 (Pa. 1983).  With respect to the prohibition of multiple punishments, the Fifth Amendment of the United States Constitution is coextensive with Article I, Section 10 of the Pennsylvania Constitution.  *Id.* at 1322 n.4; *compare* U.S. Const. amend. V ("No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb."), *with* Pa. Const. art. I, § 10 ("No person shall, for the same offense, be twice put in jeopardy of life or limb.").

[9] The Pennsylvania Constitution provides speech and debate immunity to members of the General Assembly for legitimate legislative activities.  Pa. Const. art. II, § 15 ("The members of the General Assembly . . . for any speech or debate in either House . . . shall not be questioned in any other place."); *see also Consumers Educ. & Protective Ass'n v. Nolan*, 368 A.2d 675, 680 (Pa. 1977) (holding Pennsylvania speech and debate immunity is "essentially identical" in language and scope with its Federal counterpart (citing U.S. Const. art. I, § 6)).  Legislators have immunity from suit for any action made within the "legitimate legislative sphere." *League of Women Voters of Pa. v. Com.*, 177 A.3d 1000, 1003 (Pa. Cmwlth. 2017).

Petitioner states that he is not seeking relief pursuant to the PCRA; rather, he is challenging the constitutionality of the Parole Code as applied to him. Pet'r's Br. at 9. As such, Petitioner argues that this is a mandamus action seeking to compel consideration for his parole, rather than a challenge to his criminal sentence. *Id.* at 8.

The General Assembly counters that Petitioner's *as-applied* challenge to Section 6137(a)(1) of the Parole Code is a challenge to his life sentence. General Assembly's Br. at 6. The General Assembly argues that Petitioner is seeking post-conviction relief, because Petitioner's eligibility for parole is determined by his life sentence. *Id.* Accordingly, the General Assembly asserts that Petitioner must bring his action pursuant to the PCRA. *Id.*

This Court has original jurisdiction over "all civil actions or proceedings [a]gainst the Commonwealth government . . . except: []actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the [C]ourt." 42 Pa. C.S. § 761(a)(1)(i). Conversely, the court of common pleas has original jurisdiction over PCRA proceedings. 42 Pa. C.S. § 9545. The PCRA "provides for an action by which . . . persons serving illegal sentences may obtain collateral relief." *Id.* § 9542. Further, the PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist[ed] when [the PCRA took] effect, including *habeas corpus* and *coram nobis*." *Id.*

We most recently examined whether the PCRA, or our original jurisdiction, applied to a similar challenge to the constitutionality of life sentences without parole in *Scott v. Pennsylvania Board of Probation and Parole*, ___ A.3d ___, (Pa. Cmwlth., No. 397 M.D. 2020, filed May 28, 2021). In *Scott*, the petitioners, a group

5

of inmates who were serving life sentences for second degree murder, sought review of the Board's denial of their parole applications. They argued that Section 6137(a)(1) of the Parole Code, 61 Pa. C.S. § 6137(a)(1) (excepting from parole "an offender condemned to death or serving life imprisonment"), was unconstitutional as applied to their sentences under both the United States and Pennsylvania Constitutions. However, we determined that the petitioners' claims were, in actuality, collateral attacks on their sentences and, by filing a petition for review in this Court, the petitioners engaged in improper forum shopping. *Scott*, ___ A.3d at ___, slip op. at 14; *see also Hill v. Com.* (Pa. Cmwlth., No. 152 M.D. 2008, filed Sept. 26, 2008) (unreported)[10] (holding that the petitioner's constitutional challenge to the former Parole Code[11] was a collateral attack on his sentence, which must be brought under the PCRA).

The arguments asserted by the *Scott* petitioners went to the constitutionality of their sentences. Their chief argument was that the Parole Code's prohibition on parole for life sentences was cruel and unusual punishment in violation of both the United States and Pennsylvania Constitutions.[12] *Scott*, ___ A.3d at ___, slip op. at 11-12. We held that the *Scott* petitioners' claims regarding Section 6137 of the Parole Code were a collateral attack on their sentences, because their ineligibility for

---

[10] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.

[11] Act of August 6, 1941, P.L. 861, *as amended*, *formerly* 61 P.S. §§ 331.1 to 331.8, repealed by the Act of August 11, 2009, P.L. 147.

[12] The petitioners argued the sentence of life without parole for felony murder violated the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution. U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); Pa. Const. art. I, § 13 ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted.").

6

parole stemmed from their life sentences. *Id.* at ___, slip op. at 15. Accordingly, the *Scott* petitioners were required to seek post-conviction relief via the PCRA from the courts of common pleas that had sentenced them and could not pursue declaratory relief from this Court. *Id.*

As in *Scott*, Petitioner in this matter mounts an impermissible collateral attack upon his criminal sentence. Repeated throughout his Petition for Review is the argument that Section 6137(a)(1) of the Parole Code's prohibition against parole for life sentences constitutes a separate and more severe punishment than his life sentence. Pet. ¶¶ 19, 26, 30, 36-37, 56-57, 60, 63-66. Petitioner's constitutional challenges to Section 6137(a)(1) of the Parole Code essentially raise illegal sentence claims under the PCRA. *See generally Com. v. Moore*, 247 A.3d 990, 995-97 (Pa. 2021) (discussing illegal sentence claims under the PCRA, which include "claims that the sentence fell 'outside of the legal parameters prescribed by the applicable statute'; [and] claims involving merger/double jeopardy"). Petitioner's various claims attack the legality of his life sentence coupled with his ineligibility for parole, so they must be brought under the PCRA. *Moore*, 247 A.3d at 998 (holding void for vagueness challenge to a life sentence without parole cognizable under the PCRA as an illegal sentence claim); *see also Scott*, ___ A.3d at ___, slip op. at 15 ("[W]hile [the p]etitioners purport to limit their challenge only to the constitutionality of Section 6137 of the Parole Code and seek 'mere parole eligibility,' they are collaterally attacking their sentences."). The only way Petitioner can be eligible for parole is if his life sentence is altered, which necessitates post-conviction relief under the PCRA.[13]

---

[13] As we discussed in *Scott*, Section 6137(a)(3) of the Parole Code also precludes inmates serving life sentences from parole. *Scott*, ___ A.3d at ___, slip op. at 16. Section 6137(a)(3) limits **(Footnote continued on next page…)**

Accordingly, Petitioner's claims seek post-conviction relief and fall outside of our original jurisdiction. 42 Pa. C.S. § 761(a)(1)(i). Instead, the Court of Common Pleas of Philadelphia County, as the sentencing court, has jurisdiction over Petitioner's claims. *See* 42 Pa. C.S. § 9545 ("Original jurisdiction over a proceeding under [the PCRA] shall be in the court of common pleas."); Pa. R. Crim. P. 901(B) (providing that "[a] proceeding for post-conviction collateral relief shall be initiated by filing a petition and [three] copies with the clerk of the court in which the defendant was convicted and sentenced").

## IV. Conclusion

Although Petitioner asserts his Petition for Review merely seeks a declaratory judgment that Section 6137(a)(1) of the Parole Code is unconstitutional as applied to him, it is apparent that Petitioner is launching a collateral attack on his sentence. As the Petition is "in the nature of an application seeking . . . post-conviction relief" and it is not ancillary to a matter pending in our appellate jurisdiction, this Court lacks jurisdiction over the Petition pursuant to Section 761(a)(1) of the Judicial

---

parole eligibility until after the minimum term of imprisonment is served. *Id.* (citing 61 Pa. C.S. § 6137(a)(3)). Because Section 1102(b) of the Crimes Code sets out a mandatory minimum sentence of life imprisonment, Petitioner has not served the minimum term of his sentence and is therefore not eligible for parole. *Id.* (citing *Castle v. Pa. Bd. of Prob. & Parole*, 554 A.2d 625, 628 (Pa. Cmwlth. 1989)).

Code, 42 Pa. C.S. § 761(a)(1). Thus, we sustain the General Assembly's preliminary objection raising lack of jurisdiction and dismiss[14] the Petition.[15]

_____
ELLEN CEISLER, Judge

Judge Crompton did not participate in the decision of this case.

---

[14] Normally, an erroneously filed claim must be transferred to the appropriate court with jurisdiction pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. § 5103(a). However, neither of Respondents are proper parties to this matter. Instead, the Commonwealth participates in post-conviction proceedings. *See* Pa. R. Crim. P. 902(A) ("A petition for post-conviction collateral relief shall bear the caption, number, and court term of the case or cases in which relief is requested . . . ."); Pa. R. Crim. P. 903(A)-(B) (explaining that, upon receipt of PCRA petition, clerk of courts shall "make a docket entry, at the same term and number as the underlying conviction and sentence . . . and . . . place the petition in the criminal case file," then "transmit a copy of the petition to the attorney for the Commonwealth"); Pa. R. Crim. P. 906(A) (providing generally that attorney for Commonwealth may elect to file answer or must do so if ordered by court). As the Board and General Assembly are the only Respondents, dismissal is appropriate.

[15] Since this Court lacks jurisdiction over this matter, we need not address Respondents' remaining preliminary objections.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elmer Davenport,                                        :
                        Petitioner                      :
                                                        :
            v.                                          :   No. 244 M.D. 2019
                                                        :
Pennsylvania General Assembly and                      :
PA. Board of Probation and Parole,                     :
                        Respondents                     :

# **O R D E R**

AND NOW, this 22nd day of September 2021, the Preliminary Objections of the Respondents are SUSTAINED with respect to this Court's jurisdiction, and this matter is DISMISSED.

_____
ELLEN CEISLER, Judge