J-S62018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANKLYN M. GEIGER | : | |
| | : | |
| Appellant | : | No. 259 WDA 2019 |

Appeal from the PCRA Order Entered, January 29, 2019,
in the Court of Common Pleas of Warren County,
Criminal Division at No(s): CP-62-CR-0000149-2016.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MARCH 2, 2020**

Franklyn M. Geiger appeals *pro se* from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46. We affirm.

This appeal returns to us following our previous remand. In Geiger's prior appeal, we summarized the pertinent facts and procedural history as follows:

> On September 8, 2016, [Geiger] pled guilty at docket number 149 of 2016 to two counts of possession with intent to deliver marijuana and/or oxycodone; one count of criminal use of a communication facility; one count of corrupt organizations; one count of buying/exchanging federal food stamps; and one count of cruelty to animals. As part of the plea agreement, [Geiger] agreed to forfeit his animals to Paws Along the River Humane Society and to forfeit various items of personal property to the Warren County District Attorney's Office/Warren County Drug Task Force. In exchange for the foregoing, the Commonwealth

*nolle prossed* the remaining charges at docket number 149 of 2016, as well as charges at docket number 150 of 2016. The Commonwealth also amended the criminal information to add more specific facts.

On October 28, 2016, the trial court sentenced [Gieger] to:

- 11 to 22 months of incarceration for possession with intent to deliver at count 1;

- 24 to 48 months of incarceration for possession with intent to deliver at count 5, to be served consecutive to the sentence at count 1;

- 15 to 30 months of incarceration for criminal use of a communications facility at count 7, to be served consecutive to the sentence at count 5;

- 30 to 60 months of incarceration for corrupt organizations at count 18, to be served consecutive to the sentence at count 7;

- 11 to 22 months for buying/exchanging food stamps at count 20, to be served consecutive to the sentence at count 18;

- 1 to 2 months of incarceration for cruelty to animals at count 25, to be served consecutive to the sentence at count 20.

In the aggregate, [Geiger's] sentenced totaled 92 months to 184 months of incarceration.

[Geiger] timely filed a post-sentence motion, which was denied on January 5, 2017. On February 2, 2017, [Geiger's] counsel filed a motion for extension of time for [Geiger] to file an appeal along with a motion to withdraw as [Geiger's] counsel. That same day, the trial court allowed [Geiger's] counsel to withdraw and gave [Geiger] an extra 30 days to file a notice of appeal. However, no direct appeal was filed.

On June 25, 2017, [Geiger] timely filed *pro se* a PCRA petition. [PCRA counsel] was appointed to represent [Geiger]. Instead of amending the petition, [PCRA counsel] filed a request to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988),

and **Commonwealth v. Finley** 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On December 5, 2017, the PCRA court notified [Geiger] pursuant to Pa.R.Crim.P. 907 that it intended to dismiss the petition because [Geiger's] claims presented no genuine issue of material fact and lacked merit. Although the PCRA court referenced counsel's motion to withdraw and no-merit letter in its Rule 907 notice, the PCRA court did not expressly rule upon the **Turner/Finley** motion. On December 27, 2017, [Geiger] filed *pro se* a response to the **Turner/Finley** no-merit letter and the Rule 907 notice. In his answer, [Geiger] included a motion for leave to amend his PCRA petition. On December 29, 2017, the trial court dismissed the PCRA petition without ruling on [Geiger's] motion or counsel's **Turner/Finley** motion to withdraw.

**Commonwealth v. Geiger**, 195 A.3d 1047 (Pa. Super. 2018), unpublished memorandum at 1-5 (citations and footnotes omitted).

Geiger filed a timely appeal to this Court in which he raised five issues. Before addressing these issues, however, we noted that the record did not establish that the PCRA court permitted PCRA counsel to withdraw. In addition, we noted that the PCRA court never expressly ruled on Geiger's motion to amend before dismissing his petition. Thus, on August 30, 2018, this Court vacated the PCRA court's order of December 29, 2017, dismissing Geiger's petition, and remanded so that the PCRA court could rule on counsel's petition to withdraw. **Geiger**, **supra**. We further stated, "If counsel is allowed to withdraw, [Geiger] may re-file *pro se* his motion for leave to amend the PCRA petition, and the PCRA court shall consider and rule upon such motion prior to ruling upon the claims in [Geiger's] original PCRA petition." **Geiger**, unpublished memorandum at 8 (footnote omitted).

- 3 -

Following remand, the PCRA court entered an order granting PCRA counsel's request to withdraw. The order further granted Geiger sixty days to re-file the *pro se* motion for leave to amend the PCRA petition. Geiger timely complied. In the amended petition, Geiger first incorporated all of the issues from his original petition. In addition, he raised two new claims challenging the legality of his sentence: 1) his sentences for possession with intent to deliver should have merged with his sentence for corrupt organizations; and 2) his sentence to a term of incarceration for his cruelty to animals' conviction was illegal because it violated the terms of the negotiated plea agreement.

On October 4, 2018, the PCRA court granted Geiger's motion for leave to amend his *pro se* PCRA petition, and the court re-appointed the same PCRA counsel for the sole purpose of reviewing the two new issues Geiger raised in his amended petition. On December 6, 2018, PCRA counsel filed an amended petition in which he raised a challenge to the legality of Geiger's sentence based on the merger doctrine. By order entered January 8, 2019, PCRA court reissued Rule 907 notice of its intention to dismiss all claims raised in both Geiger's original and counseled amended petitions.

On January 10, 2019, Geiger filed a "Motion to Dismiss Appointed Counsel with Permission to Proceed Pro Se and Motion for Leave to Re-Amend Pro Se Petition." In these motions, Geiger complained that PCRA counsel failed to raise an illegal sentencing issue he had raised in his *pro se* amended PCRA petition, as well as counsel's failure to raise a new claim that his sentence for criminal use of a communications facility was illegal because his

plea to that charge lacked a factual basis. Geiger therefore sought to proceed *pro se*, and sought leave to "re-amend" his PCRA petition to include the third illegal sentence claim. By order entered January 10, 2019, the PCRA court denied both motions. On January 16, 2019, PCRA counsel filed a motion to withdraw and a second **Turner**/**Finley** letter, in which he addressed the two illegal sentence claims Geiger raised in his *pro se* amended petition. By order entered that same day, the PCRA court granted PCRA counsel's motion to withdraw. By order entered January 29, 2019, the PCRA court dismissed Geiger's original and amended PCRA petitions. This appeal followed. Both Geiger and the PCRA court have complied with Pa.R.A.P. 1925.

Geiger now raises the following issues, which we have reordered for ease of disposition:

1. Is [Geiger's] plea to the corrupt organization offense involuntary or [un]knowing, where [plea counsel] was ineffective for failing to investigate the facts alleged by the Commonwealth and thereafter not objecting to the lack of a factual basis for the corrupt organization [charge]?

2. Is [Geiger's] plea to the cruelty to [animals] offense involuntary, where [plea counsel] was ineffective for failing to investigate the facts alleged by the Commonwealth and thereafter not objecting to the lack of a factual basis for the cruelty to animals [charge]?

3. Was the [PCRA] court correct in denying [Geiger's] motion to re-amend the amended PCRA [petition] to include [Geiger's] plea to the criminal use of a communications device because of the blatant lack of a factual basis for the charge based off the official record of [the] incident?

4. Was counsel ineffective for failing to object to the inaccurate and/or incorrect information contained in the Pre-Sentence Investigation (PSI) report?

5. [Are Geiger's] consecutive sentences for the possession with intent to deliver and corrupt organization illegal [because the charges] should have merged for sentencing purposes?

6. Is [Geiger's] jail term for the cruelty to [animals] offense illegal and in violation of the plea agreement as advised by [plea] counsel?

7. Whether the PCRA [Court] erred in dismissing [Geiger's] PCRA Petition without holding an evidentiary hearing? Where [Geiger] demonstrated a prima [facie] case that his plea was not knowing[,] informed or intelligently made and was unlawfully induced by trial counsel. Inaccurate assessment of the offenses and [Geiger's] guilt of the offenses[?].

8. Whether the PCRA Court erred in not fully addressing [Geiger's issues] as mandated by [the U.S.] Supreme Court when considering key aspects of the case?

9. Whether [the] PCRA Court erred in permitting PCRA counsel to withdraw under [the] auspice of [a] no-merit [letter] to said PCRA filing?

Geiger's Brief at 7-8.

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015)

(citations omitted).

- 6 -

When the PCRA court has dismissed a petitioner's PCRA petition without an evidentiary hearing, we review the PCRA court's decision for an abuse of discretion. ***Commonwealth v. Roney***, 79 A.2d 595, 604 (Pa. 2013). The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. *Id.* To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Blakeney***, 108 A.3d 739, 750 (Pa. 2014).

Geiger's first three issues allege the ineffective assistance of plea counsel for advising him to enter his guilty plea when several of the crimes charged against him lacked a factual basis. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. *Id.* at 533.

With regard to claims of ineffectiveness in relation to the entry of plea, we further note:

Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary of unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

The standard for post-sentence withdraw of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

With regard to the procedure followed regarding the entry of a guilty plea, this Court has stated:

Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly entered.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011) (quoting *Commonwealth v. Fluharty*, 632 A.2d 312, 314 (Pa. Super. 1993)).

Rule 590(A)(1) of the Pennsylvania Rules of Criminal Procedure requires that a guilty plea be taken in open court. Regarding plea agreements, Rule 590(B) requires the trial court to "conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based." Pa.R.Crim.P. 590(B)(2). As noted in the Comment to Rule 590, at a minimum the trial court should ask questions to elicit the following information:

> (1)   Does the defendant understand the nature of the charges to which he or she is pleading guilty?
>
> (2)   Is there a factual basis for the plea?
>
> (3)   Does the defendant understand that he or she has the right to trial by jury?
>
> (4)   Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5)   Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> (6)   Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590, Comment.

On appeal, this Court evaluates the adequacy of the plea colloquy and the voluntariness of the resulting plea by looking at the totality of the circumstances. **Yeomans**, 24 A.3d at 1047 (citation omitted). "Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the plea

- 9 -

disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." ***Id.*** Under Pennsylvania law, a reviewing court is free to consider a wide array of relevant evidence in addition to the transcript of the actual plea colloquy, under the totality-of-the-circumstances standard, to determine the validity of a claim and plea agreement, including, but not limited to transcripts from other proceedings, off-the-record communications with counsel, and written plea agreements. ***Commonwealth v. Allen***, 732 A.2d 582, 589 (Pa. 1999).

In addition, we note the conclusory effect of a defendant's statements during the guilty plea colloquy on subsequent attempts to challenge the validity of the plea. As this Court has summarized:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> \*　　\*　　\*
>
> The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.
>
> \*　　\*　　\*
>
> [A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court

- 10 -

and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted).

With these standards in mind we address the merits of Geiger's first three issues. As noted above, Geiger asserts that his plea counsel was ineffective for failing to ensure that his oral colloquy included a factual basis for his guilty plea to three of his charges. The PCRA court found no merit to any of the claims. We will address each ineffectiveness claim separately.

In his first issue, Geiger claims that his plea to corrupt organizations was involuntary. In rejecting this claim, the PCRA court first set forth Geiger's argument from his original petition. According to the court, Geiger asserted that his guilty plea to corrupt organizations was involuntary because his trial counsel:

> knew or should have known that the prosecution had no credible evidence to support a corrupt organization[charge]; counsel was fully aware that [Geiger's] legitimate business and real estate holdings were legally established and owned by him prior to any alleged drug dealing and there was not credible evidence to substantiate or corroborate that any proceeds from selling small amounts (less than 30 grams) of marijuana and prescription pills infiltrated his legitimate business interests.

Rule 907 Notice, 1/8/19, at 5 (citing Geiger's PCRA Petition at ¶ 11).

The PCRA court then explained why Geiger's claim was meritless:

> [Geiger's] argument is based on a misunderstanding of the law on this issue. 18 Pa.C.S.A. § 911 (b)(1) provides in

- 11 -

relevant part that "[i]t shall be unlawful for any person who had received income derived, directly or indirectly from a pattern of racketeering in which such person participated as principal, to use or invest . . . any part of such income, or the proceeds of such income, in the . . . establishment or operation of, any enterprise." [Geiger's] assertion that the fact that the proceeds from his alleged drug dealing never infiltrated his legitimate business interests is misplaced. 18 Pa.C.S.A. § 911(h)(3) defines enterprise as "any individual, partnership, corporation, association or other legal entity, engaged in commerce and includes legitimate as well as illegitimate and government entities." The Corrupt Organizations statute does not require that [Geiger's] proceeds from his drug dealing activity infiltrate his legitimate business interests, rather, the enterprise that served as the basis of [Geiger's] Corrupt Organizations charge was [Geiger's] wholly illegitimate business of drug dealing. This is demonstrated by the facts alleged in the Amended Criminal Complaint and the identical recitation of the facts during [Geiger's] guilty plea on September 8, 2016, where the Court said: "it is alleged that between the dates of September 30, 2015 and February 14th, 2016, you did engage in a pattern of purchasing, selling and distributing controlled substances; and, while operating as a principal actor did use the income therefrom to purchase and sell controlled substances in order to operate the illegal enterprise."

Rule 907 Notice, 1/8/19, at 5-6 (citations to record omitted). Geiger expressly admitted his guilt of the corrupt organization charge given the factual basis provided. *See* N.T., 9/8/16, at 19-21.

The PCRA court agreed with PCRA counsel's opinion, as expressed in his *Turner*/*Finley* no-merit letter, that, in making his argument, Geiger likely relied on our Supreme Court's decision in *Commonwealth v. Besch*, 674 A.2d 655 (Pa. 1996), wherein the high court held that not all criminal enterprises fall under the definition of "enterprise" as defined by the Corrupt

Organizations Act. **See** Memorandum Opinion, 1/8/19, at 6. Finally, the PCRA court acknowledged that "[s]oon after the decision in **Besch**, the Pennsylvania Legislature amended the Corrupt Organizations Act to include "legitimate as well as illegitimate entities." **See** Memorandum Opinion, 1/8/19, at 6 (citing **Commonwealth v. Williams**, 936 A.2d 12, 18-19 (Pa. 2007).

Our review of the record reveals that a sufficient factual basis was placed on the record to support Geiger's corrupt organizations charge. Geiger is bound by his statement during the colloquy that he accepted the factual basis for his plea to this crime. **Pollard**, **supra**. In arguing to the contrary, Geiger asserts:

> The corrupt organization[s] statute under 18 Pa.C.S.A. § 911, mandates that the Commonwealth prove a defendant committed two or more crimes as a part of a pattern of "racketeering activity." All [Geiger] is charged with is low level street sales of small amounts of marijuana and 4 pills. That [does] not rise to the level of racketeering activity necessary for a corrupt organization[.] [A]t worst he was an organized criminal not [a] corrupt organization. [Geiger] was only convicted of [p]ossession with intent to deliver charges and no other [r]acketeering activity. The only person arrested and convicted of any offense related to [Geiger] was his girlfriend Tara Phillips who went and retrieve[d] a small amount of Marijuana from their bedroom that's it. So there was only one type of crime.

Geiger's Brief at 19.

Geiger raises these claims for the first time on appeal. Therefore, we cannot consider them. **See generally**, Pa.R.A.P. 302(a). Notwithstanding waiver, our review of the record readily established that the Commonwealth originally charged Geiger with committing five drug transactions. "Pattern of

racketeering activity" is defined in the criminal statute as referring "to a course of conduct requiring two or more acts of racketeering activity[.]" 18 Pa.C.S.A. § 911(h)(4). Geiger cites no case law to support his belief that this definition requires two or more **different** crimes. Thus, Geiger's first issue fails.[1]

In his second issue, Geiger asserts that his plea to the cruelty to animals charge was involuntary because trial counsel was ineffective for failing to ensure that the Commonwealth provided an adequate factual basis for this conviction.

When the Commonwealth charged Geiger with the offense, cruelty to animals was defined as follows:

> A person commits an offense if he wantonly or cruelly ill[-]treats, overloads, beats, otherwise abuses any animal, or neglects any animal as to which he has a duty of care, whether belonging to himself or otherwise, or abandons any animal, or deprives any animal of necessary sustenance, drink, shelter, or veterinary care, or access to clean and sanitary shelter which will protect the animal against inclement weather and preserve the animal's body heat and keep it dry.

18 Pa.C.S.A. § 5511(C)(1) (repealed).

---

[1] In support of this issue, Geiger relies on examples from the standard jury instructions and claims that once the Commonwealth "amended the criminal complaint information [sic], and the corrupt organization offense on 8/12/16 [it] no longer contained the factual basis necessary to enforce the offense as it is written." Geiger's Brief at 26. We note that the Commonwealth established the factual basis for the plea to this charge during the guilty plea colloquy, as well as the totality of the circumstances surrounding the plea. **Yeomans**, **supra**; **Allen**, **supra**.

The PCRA court found no merit to Geiger's claim:

> At the time of [Geiger's] plea, the Court recited [the] facts provided for the Cruelty to Animal charge as written in the Amended Criminal Information: "it is alleged that you did wantonly or cruelly neglect a female Chihauhau canine, four turtles, eleven rats and/or three snakes by depriving said animals [of] sustenance, shelter or veterinary care." [Geiger] subsequently admitted to the charge as it was written.
>
> ***
>
> There is ample evidence that if proven, would support a conviction of Cruelty to Animals under Pa.C.S.A. § 5511(C)(1), and [Geiger] received a proper colloquy at the time of his guilty plea. As such, the Court finds that [Geiger's] claim that there was ineffective assistance of counsel for failure to investigate facts that support a conviction of Cruelty to Animals is meritless.

Rule 907 Notice, 1/8/18, at 7-8.

Our review of Geiger's plea colloquy supports that PCRA court's conclusion that an adequate factual basis was presented to support Geiger's conviction for cruelty to animals. In arguing to the contrary, refers to "exculpatory" pictures that were available to plea counsel that allegedly demonstrated animals were properly cared for. In addition, he blames the police officers who searched his home for creating the conditions that led to the animals' removal. *See* Geiger's Brief at 20.

No such pictures appear in the certified record. The PCRA court referenced the amended affidavit of probable cause from the May 4, 2016 criminal complaint to describe the condition of Geiger's property at the time the police conducted the search on February 4, 2016:

Your affiant found the 2 snakes in aquariums without water or heat lights in the basement. . . [t]he four turtles were viewed in a large black tub with filthy water. They did not have access to crawl up onto a resting board to get out of the water. There were 9 rats in a large cage. They were thin, missing hair and no food was visible other than empty bags of cereal lying around the basement near the cage. They were hanging onto the side of the walls of the cage appearing starved and frantic when we approached. No food was viewed for any animals in the home. The python snake was found in the upstairs hallway in an aquarium with a newspaper over it. No water was in the cage and [a] small heating unit lying on the paper was not working and no light was available. The dog was in the bedroom and appeared thin. There were two other rats in a dirty aquarium also found in the basement.

Memorandum Opinion, 1/8/18, at 7-8 (citing Amended Affidavit of Probable Cause). Even if plea counsel was aware of photos that would prove otherwise, Geiger knew of them too, and still chose to plead guilty and his bound by his statements. **Pollard**, **supra**. Thus, as the record refutes Geiger's claim, his second issue fails.[2]

In his third issue, Geiger not only asserts that his guilty plea to criminal use of a criminal communications device was involuntary because it lacked a factual basis, but he also claims that the PCRA court erred in denying him leave to amend his amended PCRA petition to include this claim after this Court remanded the case.

_____

[2] Within this issue, Geiger raises additional claims, including the validity of the search warrant and the actual number of animal cruelty charges the Commonwealth originally filed against him. **See** Geiger's Brief at 33. As Geiger did not raise these claims in his statement of questions involved, they are waived. Pa.R.A.P. 2116(a).

The PCRA court first concluded that our remand did not permit Geiger to add new claims to his amended petition. As the PCRA court explained:

Rule 905(A) gives the PCRA court discretion to "grant leave to amend or withdraw a petition for [PCRA] relief at any time," and states that "[a]mendment shall be freely allowed to achieve substantial justice." Pa.R.Crim.P. 905(A). However, a PCRA petitioner is not entitled to raise new claims following remand for further PCRA proceedings. *See*, *e.g.*, *Commonwealth v. Daniels*, 628 Pa. 193, 104 A.3d 267, 285 (2014) (finding a new PCRA claim raised post-remand from this Court to have been waived, as [t]his Court explicitly limited the subject matter of the remand to the remaining issues already raised by appellees[)]; *Commonwealth v. Spotz*, 610 Pa. 17, 18 A.3d 244, 238 (2011) (denying the appellant's request for remand for the PCRA court to consider issues first raised in a motion for reconsideration, as this would amount to the PCRA court's consideration of a second, untimely PCRA petition); *Commonwealth v. Rainey*, 593 Pa. 67, 928 A.2d 215, 226 n.9 (2007) (stating that because this Court expressly permitted the appellant to raise one new PCRA claim on remand, raising any additional issues post-remand was improper).

A PCRA court does not have discretion to treat new claims raised by a PCRA petitioner as an amended PCRA petition following remand from an appellate court, unless such amendment is expressly authorized in the remand order. *Commonwealth v. Sepulveda*, 144 A.3d 270 (Pa. 2016). Here the Superior Court only authorized [Geiger] to re-file his original *pro se* amended petition. [Geiger] was not specifically authorized to file further motions to amend his petition.

It was this court's interpretation of the Superior Court's remand direction that this court was only to consider the merits of the original PCRA petition and, if granted, the matters set forth in [Geiger's] "re-filed" *pro se* Motion as set forth above. As indicated, [Geiger] re-filed the Motion to Amend and the court permitted the amended motion to be filed and appointed counsel to represent [Geiger] regarding the amended petition. The court considered those matters

and filed a Notice of Intent to Dismiss the PCRA petition. Subsequently, [Geiger] filed a Motion for Leave to Re-Amend. [Geiger's] proposed new "Amended PCRA Petition", an addition to re-asserting the [two issues raised in his re-filed petition], sets forth the following: "**[Geiger's] sentence of fifteen (15) months to thirty (30) months for criminal use of a communications facility is illegal because there is no factual basis to support that it was even committed.**" This court determined that the two (2) matters appropriate for consideration for remand were considered by the Court and the new matter asserted was improper in light of the remand order. As such, the court denied the motion.

Pa.R.A.P. 1925(a) Opinion, 1/29/19, at unnumbered 3-4.

Our review of the record supports the PCRA court's conclusion that our remand did not permit Geiger to re-amend his PCRA petition, and the PCRA court denied his request to do so. Thus, Geiger's third issue is waived.

Notwithstanding waiver, the PCRA addressed Geiger's claim and found it lacked merit:

> [Geiger] given a full on the record colloquy, pled guilty to Court 7 of the Information, Criminal Use of a Communications Facility. At the time of the plea, the elements of that offense were fully explained to [Geiger]. The factual basis for the offense was "[Geiger] did use a cellular telephone to facilitate the selling of a controlled substance to a confidential informant in October, 2015." Clearly that recitation of the facts establishes a factual [basis] for the offense. [Geiger] appears to be challenging the sufficiency of the evidence for this charge. It is clear however, that the entry of a guilty plea constitutes waiver of all defenses and defects except claims of lack of jurisdiction, invalid guilty plea, and illegal sentence. The issue of sufficiency of the evidence has been waived and is not subject to review on PCRA petition. The plea was the result of an open plea negotiation process that resulted in numerous charges being nolle prossed in exchange for a guilty plea to the remaining counts.

Pa.R.A.P. 1925(a) Opinion, 1/29/19, at unnumbered 4 (citations omitted).

Once again, our review of the record supports the PCRA court's conclusions. At the guilty plea colloquy, Geiger admitted the factual basis for this crime based upon an October 2015 drug transaction; his statement binds him. **See Pollard**, **supra**. In arguing to the contrary, Geiger refers to a police incident report generated in 2016 regarding a 2016 drug transaction. **See** Geiger's Brief at 49. Thus, because a review of the plea colloquy refutes Geiger's claim, trial counsel cannot be found ineffective and Geiger's third issue fails.

In his fourth issue, Geiger claims that trial counsel was ineffective for failing to object to allegedly inaccurate or incorrect information contained in his pre-sentence investigation ("PSI").

The PCRA court found no merit to this claim:

> [Geiger's] argument that the Court relied on inaccurate information in the PSI report that led to the Court imposing an excessive and disproportionate sentence is meritless. Before sentencing, the Court asked counsel if he ha[d] reviewed the PSI report with [Geiger] and asked if any corrections or additions should be made to the report. Counsel replied "no" and [Geiger] never requested to amend the report. The lone inaccuracy in [Geiger's] PSI report seems to be an incorrectly reported juvenile offense listed under factor "04" of [Geiger's] Risks/Needs Assessment, where [Geiger] received a consent decree on June 26, 1986 for Theft by Unlawful Taking as opposed to an adjudication of guilt. The Court did not rely on that inaccuracy in any way for sentencing purposes. [Geiger's] argument that the Risk/Needs Assessment was inaccurate in determining that [Geiger] rationalizes his behavior, is negative, and is not motivated to change is contradicted by [Geiger's] thirty year long history of criminal convictions.

- 19 -

Rule 907 Notice, 1/8/18, at 8-9.

In addition, the PCRA court noted that at the time of sentencing, the court provided reasons for its sentencing choice:

> This is your third possession with intent to deliver. It includes simple assault, indecent assaults. You have had supervision revoked in the county before. Your businesses are a front for your unlawful activities. There is an indication that you are sorry. [Plea counsel] indicated that you are sorry. I looked at the risk and needs assessment that was performed, and that indicates that you rationalize your behavior and have no motivation to change your criminal conduct. And, clearly, that's been the case for 30 years. All of this indicates that you are an extremely poor candidate that will lead you to returning to the community to be a law abiding, productive citizen.

*Id.* at 9 (citation omitted).

Our review of the record supports the PCRA court's conclusion that it did not rely on inaccurate information from the PSI report. Geiger takes issue with the trial court's crediting statements in the PSI report that he "rationalizes his behavior, [is] negative, [and] not motivated to change[,]" because he was never interviewed "and/or given a psychological interview by anyone." *See* Geiger's Brief at 35. In addition, Geiger contends that the trial court's reliance upon incorrect information is supported by the trial court's acknowledgement that his 1986 juvenile offense should not have been considered as part of his criminal history. *Id.*

We disagree, as our review of the record supports the court's conclusion that the above comments by the court at sentencing demonstrates the court's belief that past attempts to rehabilitate Geiger have failed. *See*, *e.g.*,

*Commonwealth v. Gibson*, 716 A.2d 1275, 1279 (Pa. Super. 1998) (holding that sentence outside guidelines was justified because, *inter alia*, the appellant disregarded earlier opportunity to reform). The fact that he only had a quarter century history of committing crime rather than thirty years is not a basis to disturb the sentencing court's determination. Thus, Geiger's fourth claim of ineffectiveness fails.

In his fifth issue, Geiger claims that his consecutive sentences for corrupt organizations and possession with intent to deliver were illegal because the crimes should have merged for sentencing purposes. This Court reviews the issue of whether crimes should have merged for sentencing purposes *de novo* and the scope of review is plenary. ***Commonwealth v. Martinez***, 153 A.3d 1025, 1030 (Pa. Super. 2016).

The PCRA court found no merit to this claim:

> The Superior Court addressed this issue squarely in ***Commonwealth v. Besch***, [614 A.2d 1155, 1158 (Pa. Super. 1992), *reversed on other grounds*, 674 A.2d 655 (Pa. 1996), where the Appellant claimed receiving separate, consecutive sentences for Corrupt Organizations and the predicate drug offenses, constituted a double jeopardy violation. [] In ***Besch***, the Superior Court explains the purpose of the double jeopardy provision is to prevent the Court and prosecutor from imposing multiple punishments for a single crime. ***Id.*** (citing ***Commonwealth v. Bostic***, 456 A.2d 1320, 1323 (Pa. 1983)). The Court held that charges of Corrupt Organizations and its predicate offense of engaging in drug activity were two separate crimes. ***Id.*** Appellant was sentenced on drug charges for engaging in activity violating the Controlled Substance, Drug and Cosmetic Act, which is distinguished from Appellant's Corrupt Organizations charges for engaging in racketeering activity, which can include drug and non-drug offenses. ***Id.***

The Superior Court additionally noted the legislature's determination that the Corrupt Organizations statute was enacted to provide new remedies while allowing defendants immunity for the predicate acts conducted within their corrupt organizations. *Id.* at 1159.

Here, [Geiger] claims his charges for Possession with Intent to Deliver and Corrupt Organizations, should be merged and punished as a single crime. As stated in *Besch*, [Geiger's] predicate drug offense does not constitute the same crime as Corrupt Organizations nor was that the purpose of the legislature. While asserted as a Double Jeopardy violation in *Besch*, clearly the Court's logic would include a merger claim. Therefore, this Court is bound by said decision and must deny [Geiger's] request for merger on the charges as it [is] without merit in accordance with Superior Court precedent.

Rule 907 Notice, 1/8/19, at 9-10.

Our review of the record supports the PCRA court's conclusion that Geiger's fifth issue is meritless. This Court's double jeopardy/merger discussion in *Besch* remains good law. The fact that sentencing merger is now governed by statute does not alter this conclusion. Section 9765 of the Judicial Code reads as follows:

### § 9765. Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. In support of this claim, Geiger largely focuses on the statutory elements of each crime, yet ignores the requirement that the

charges arise from the same criminal act.[3]   When a criminal defendant commits multiple distinct acts, concepts of merger for sentencing purposes are inapplicable.  ***Commonwealth v. Pettersen***, 49 A.3d 903, 911-12 (Pa. Super. 2012).  Here, Geiger's drug dealing must be considered a separate act from his act of using these illegally gained proceeds to form a pattern of racketeering activity necessary for the corrupt organizations charge.  Thus, Geiger's claim fails.

In his sixth issue, Geiger claims that his jail sentence for cruelty to animals' conviction is illegal because it violates the terms of his negotiated plea agreement.  The PCRA court found no merit to this claim:

> It should be noted that [Geiger] entered an "open" plea with no agreement with respect to sentencing.  At the time of his plea, [Geiger] was asked, "has anyone made any promises to you regarding the sentence the Court will impose if you plead guilty to these charges?"  [Geiger] replied, "No."  Next, the Court asked [Geiger], "Do you understand that I am not bound by any formal sentence agreement unless I accept it on the record?"  [Geiger] replied, "Yes."  Finally, the trial court fully advised [Geiger] as to the maximum penalties the court could impose, including ninety (90) days [of] incarceration and [Geiger] acknowledged the possible penalties.  The record negates [Gieger's] assertion.

Rule 907 Notice, 1/8/18, at 10.

_____

[3] Within his argument on this issue, Geiger further asserts that plea counsel promised him concurrent sentences as to these two sentence and therefore claim his guilty plea was induced by counsel's ineffectiveness.  ***See*** Geiger's Brief at 44.  Because Geiger did not raise this claim in his statement of issues, we will not consider it further.  ***See*** Pa.R.A.P. 2116(a), ***supra***.

We concur with the PCRA court's conclusion that Geiger's responses during the plea colloquy refutes his claim of an illegal sentence for this charge. **Pollard**, **supra**. Although Geiger now relies on certain language in an email exchange between plea counsel and the Commonwealth, the fact remains that no such sentence was presented to the court to accept as part of Geiger's negotiated guilty plea. Thus, Geiger's sixth issue fails.

Within his brief, Geiger notes that his remaining three issues "have been consolidated for the purposes of argument and expedience." Geiger's Brief at 52 n.1. In his seventh issue, Geiger claims that the PCRA court erred in denying his PCRA petition without first holding a hearing. In his eighth issue, Geiger essentially claims that the PCRA court did not fully address the above issues. Finally, in his ninth issue Geiger contends that the PCRA court erred in permitting PCRA counsel to withdraw based upon his no-merit letter.

Initially, we note that the Pennsylvania Rules of Appellate Procedure do not permit such consolidation. **See** Pa.R.A.P. 2119(a). In addition, Geiger inappropriately raises his eighth and ninth issue for the first time on appeal. **See generally**, Pa.R.A.P. 302(a), **supra**. However, notwithstanding these procedural violations, given our foregoing discussion and rejection of Geiger's previous issues, we summarily conclude: 1) the PCRA court did not err in dismissing Geiger's PCRA petition without first holding a hearing; 2) the PCRA court addressed his issues fully; and 3) no error occurred in allowing PCRA counsel to withdraw.

In sum, because all of Geiger's claims are without merit, we affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2020